J. L. & WILLIAM ADAMS, Respondents, v. JOHN MORTLAND, Appellant.

*Jurisdiction—Law Commissioner.*—The jurisdiction of the Law Commissioner's Court is limited in actions of trespass, and trespass on the case for injuries to personal property, to cases in which the damages claimed do not exceed one hundred dollars. (R. C. 1855, p. 1597.)

*Appeal from Law Commissioner's Court.*

*M. L. Gray*, for respondents.

*E. W. Decker*, for appellant.

I. The law commissioner has no jurisdiction because the amount claimed in the petition exceeds one hundred dollars. The action is in the nature of a common law action of trespass or trover. The wrongful taking and the conversion to defendants' use are the gist of the action. Without these allegations there is no cause of action stated: with them as stated, the action is to recover damages for a tort, and the recovery must be in damages.

The jurisdiction of the Law Commissioner's Court depends on the act by which it was created; by that act its jurisdiction is limited. (R. C. 1855, p. 1596, § 2.)

The amount claimed determines the jurisdiction. If the damages claimed exceed one hundred dollars, the law commissioner had no jurisdiction over the subject; could render no judgment for any amount. His jurisdiction is limited like that of a justice of the peace, and the same rules of law apply in the construction of both acts. (Smith v. Grover, 12 Mo. 51; Glasby v. Prewett, 26 Mo. 121.)

In Ahern v. Carroll, 30 Mo. 200, this court decide that it is immaterial by what name the suit is brought if the cause of action is really founded on tort. (Webb v. Tweedie, 30 Mo. 489; Annis v. Bigney, 28 Mo. 247.)

II. Consent cannot give jurisdiction. (Stone v. Corbett, 20 Mo. 353; Fillet v. Engler, 8 Cal. 76.)

DRYDEN, Judge, delivered the opinion of the court.

The only question in this case which we need notice is that raised by the defendant's motion in arrest of judgment, and that is, whether the Law Commissioner's Court had jurisdiction.

The action is for a trespass in taking and carrying away the personal property of the plaintiffs, alleged to be of the

value of one hundred and ten dollars and twenty-five cents. The damages were laid in the petition at one hundred and twenty-five dollars.

The statute under which the court was organized limits the jurisdiction of the court in actions of trespass, and trespass on the case for injuries to personal property, to cases in which the damages claimed shall not exceed one hundred dollars. (R. C. 1855, p. 1597.) The damages claimed exceeding the prescribed limit, the cause of action was not within the jurisdiction of the court. The judgment must therefore be reversed, and the cause is dismissed. The other judges concur.